**In re William H. LAWS and Helen M. Laws, Debtors.**

**Bankruptcy Nos. BK–S–75–4587–W, BK–S–75–4588–W.**

United States Bankruptcy Court, E.D. California.

Aug. 13, 1982.

Blackman & Blackman by Peter A. Blackman, Sacramento, Cal., for plaintiff.

James K. Bullock, Sacramento, Cal., for defendant.

## ORDER DENYING DEBTOR'S PETITION FOR PERMISSION TO SUE TRUSTEE

ROBERT E. WOODWARD, Bankruptcy Judge.

On December 31, 1975, petitions to proceed under the provisions of Chapter XIII of the Bankruptcy Act were filed by William H. Laws and Helen M. Laws (hereinafter referred to as Helen M. Laws-Gipson). Each debtor filed his and her own petition and were numbered as set forth above. The debtors were husband and wife.

The plans were consolidated for administrative purposes as the plans and schedules were identical.

The list of real and other property filed by each of the above-named debtors was identical.

Exemptions were waived by each debtor for the purposes of the Chapter XIII case.

The debtors listed among their assets their home.

Each of the debtors was employed and their combined income was to be used for living expenses and to make payments to the trustee for repayment of their obligations pursuant to their Chapter XIII plan.

For some time, the payments were made by the debtors pursuant to their plans.

Marital problems arose with the ultimate separation of the debtors. On or about October 19, 1978, pursuant to a Stipulated Interlocutory Judgment of Dissolution of Marriage, the Superior Court of the State of California awarded the home to the wife.

Ultimately the home was sold and the debtors' equity was turned over by the escrow company to the Chapter XIII trustee. Since exemptions had been waived by the debtor, the trustee used the proceeds, in the sum of $5,215.00, to pay off the remaining creditors under the Chapter XIII plan.

There was some residue after payment to the creditors, in the amount of $914.93.

The trustee calculated the proportion of the plan that had been paid directly by each of the debtors. William H. Laws contributed 75.23% in payments and Helen M. Laws-Gipson contributed 24.77% in payments. He then used the same percentage to divide the sum remaining from the sale of the home. $226.63 was turned over to Helen M. Laws-Gipson, and $688.30 was turned over to William H. Laws.

A final meeting was held and a final decree discharging debtor and discharging trustee and trustee's surety was filed September 18, 1980.

Sometime thereafter, Helen M. Laws-Gipson filed an action in the Superior Court in the State of California, in and for the County of Sacramento, seeking $5,215.00 on the grounds that the distribution of assets was improper by the trustee and that the trustee had breached his fiduciary duties.

The trustee contends that the funds received by him from Safeco Title Company were non-exempt assets to the extent required to pay the creditors of the debtors and that the refund of the balance to the debtors was in proper proportion to the amounts contributed by them.

June 24, 1981, Lawrence J. Loheit, the Chapter 13 trustee, filed an application to reopen the case of Helen M. Laws-Gipson, BK–S–75–4588–W.

After hearing, the Court granted the application to reopen the case on October 8, 1981.

October 21, 1981, the Court enjoined Helen M. Laws-Gipson, her agents and attorneys from taking any further action in the law suit wherein Helen M. Laws-Gipson is the plaintiff and Lawrence J. Loheit is the defendant, in the Superior Court of California, in and for the County of Sacramento, Case No. 294773.

On December 1, 1981, Lawrence J. Loheit as trustee, filed an application to determine title to personal property, to-wit, the sum of $5,215.00 delivered to him by Safeco Title Company being the proceeds of the sale by Helen M. Laws-Gipson of the home.

Under the Act, the Bankruptcy Court had exclusive jurisdiction in Chapter XIII cases over the property of the petitioning debtor, including future acquisitions and earnings.

In California, it is presumed that all property acquired during a marriage is community property of the husband and wife and is liable for their obligations.

The trustee acting for the Court under the Bankruptcy Act had dominion of the debtors' property and was granted the authority to use such property and earnings to pay off the creditors in conformity with the plan.

By filing their petitions to pay off their creditors under the provisions of Chapter XIII, Helen M. Laws-Gipson and William H. Laws agreed to pay their creditors from their community assets. The Bankruptcy Court, at the moment of the filing of the petitions, had exclusive jurisdiction of the present and future property and income of the above-named parties:

The trustee, in effect, was granted permission to pay their creditors pursuant to the Plan from their property and future income.

The sole question remaining is whether the trustee abused his discretion in using the funds derived from the sale of the real property herein.

■ The answer is no. At the time of the filing of the petitions, the Court had exclusive jurisdiction of the existing property. This jurisdiction continued until the case was either dismissed or completed.

■ The Superior Court in handling the dissolution matter could not divest the Bankruptcy Court of its jurisdiction, nor that of its agent, the Chapter XIII trustee.

■ The disposition of the $5,215.00 in question, insofar as using such funds necessary to pay off the creditors pursuant to the plan of each debtor, namely $4,800.07, was a proper exercise of the Chapter XIII trustee pursuant to the debtors' plans. As to the remainder, the disbursement of the balance in turning over to William H. Laws, $688.30, and $226.63 to Helen M. Laws-Gipson, was merely a mathematical disposition of the funds in proportion to that paid in by each debtor to complete the plan. The Court finds no abuse of discretion by the Chapter XIII trustee.

The trustee having acted properly with respect to the disposition of the assets of the debtors and with respect to the payment of their creditors, administrative costs and disposition of the residue; the Court finds that Helen M. Laws-Gipson should recover nothing from the trustee, Lawrence J. Loheit.

IT IS THEREFORE ORDERED that the above-entitled case be reclosed and that Helen M. Laws-Gipson be, and she is, permanently restrained from taking any further action or proceeding against the trustee, Lawrence J. Loheit, in the case entitled Helen M. Laws-Gipson, plaintiff v. Lawrence J. Loheit, defendant, in the Superior Court of the State of California, in and for the County of Sacramento, Case No. 294773.

This Order is intended to include and to serve as Findings of Fact and Conclusions of Law.